**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LOUIS F. PUIG, III** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CASE NO. 4:25-CV-00016** |
| | § | |
| **BANK OF AMERICA, N.A.** | § | |
| | § | |
| *Defendant* | § | |

**DEFENDANT BANK OF AMERICA, N.A.'S MOTION FOR PROTECTION AND OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION**

Defendant Bank of America, N.A. ("Defendant" or "BANA") hereby files this Motion for Protection and Objections to Plaintiff's Notice of Deposition, and respectfully states as follows:

## I. INTRODUCTION

This suit relates to a $235,000.00 check Plaintiff wrote to the Internal Revenue Service for the payment of taxes. Unfortunately, the check was intercepted by a fraudster and used to create a counterfeit check, which was negotiated by "Jamie Mae Gromes" at another bank and subsequently paid by BANA. (Dkt. 20, 2nd Am. Compl. at ¶ 8.) There is only one claim pending in this suit: Plaintiff contends BANA violated Tex. Bus & Com. Code § 4.401 by paying a check that was not properly payable. (*See* Dkt. 20, 2nd Am. Compl. at ¶¶ 11-12.) BANA does not contest that the check was counterfeit, but denied Plaintiff's claim because he failed to timely report the transaction to BANA as unauthorized within the time period required by Tex. Bus & Com. Code § 4.406(f) and the Deposit Agreement governing the parties' relationship. (*See* Dkt. 21, BANA's Answer to the 2nd Am. Compl.; Dkt. 5-1, Deposit Agreement at 44-45) (highlighted).

Tex. Bus & Com. Code § 4.406(f) expressly states that it applies "[w]ithout regard to care or lack of care of either the customer of the bank[.]" Thus, the only issues remaining in this case are whether Plaintiff agreed to the contractually shortened time period for reporting unauthorized transactions, and whether this contract provision should be enforced to shift responsibility for this loss from BANA to Plaintiff.

Despite the undisputed facts and narrow legal issues remaining, Plaintiff aims to go on a fishing expedition with a BANA corporate-representative deponent into bank policies and procedures that have no relevance to the narrow legal issues remaining in this case, the effect of which saddles BANA with unnecessary, expensive, time-consuming, and distracting discovery. Accordingly, the corporate-representative deposition that Plaintiff *just noticed* for *this week* is improper and a protective order is warranted. Further, a protective order should be entered under Fed. R. Civ. P. 26(c)(1) that precludes Plaintiff from taking a corporate-representative deposition of BANA in this case because Plaintiff has no legitimate need to depose BANA based on the limited remaining legal issues in dispute.

## II.
## THE REQUESTED DEPOSITION

BANA, through counsel, advised Plaintiff's counsel that a corporate-representative deposition is not necessary to resolve the issues remaining in this case. Unhappy with that answer, and perhaps to harass BANA and increase the costs litigation, Plaintiff's counsel served a Notice of Deposition under Fed. R. Civ. P. 30(b)(6) on Tuesday, October 14, 2025. [**Ex. A** hereto.] Incredibly, the Notice of Deposition purports to schedule the deposition of BANA's corporate-representative witness for Friday, October 17, 2025. BANA requests that the court enter a protective order that precludes Plaintiff from taking this deposition or any future 30(b)(6) deposition of BANA for the reasons outlined below.

## III.
## ARGUMENTS AND AUTHORITY

### A. Applicable Standards.

Legal Standard for Protective Order. Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to obtain discovery that is relevant to a claim or defense and proportional to the needs of the case. For good cause, however, a court may issue an order "to protect a party … from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A party seeking a protective order generally must show "the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotations and citations omitted); *accord Campos v. Webb County, Tex.*, 288 F.R.D. 134, 136 (S.D. Tex. 2012). BANA makes that showing here (addressed *infra*).

The Rule 30(b)(6) Deposition. Under Rules 30(b)(1) and 30(b)(6) of the Federal Rules of Civil Procedure, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party," and, "[i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(1), 30(b)(6).

Rule 30(b)(6) requires that, "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6). The Advisory Committee Notes to this provision explain that "[t]he process of conferring may be iterative"; that, "[c]onsistent with Rule 1 [ of the Federal Rules of Civil Procedure], the obligation is to confer in good faith about the matters for examination, but the amendment does not require the parties to reach agreement"; and that, "[i]n some

circumstances, it may be desirable to seek guidance from the court." With that in mind, this Motion is filed in good faith.

**B. No Reasonable Notice.**

Plaintiff served his Notice of Deposition on Tuesday, October 14, 2025, at 12:16 P.M. The Notice purports to set the deposition of BANA's corporate representative for Friday, October 17, 2025, at 9:00 A.M. In sum, the notice provides less than three-days' notice for the bank to identify corporate designees to testify on thirteen different topics. Without question, this plainly fails to provide reasonable notice of the corporate-representative deposition.

"While Rule 30(b)1) does not define 'reasonable written notice,' courts within the Fifth Circuit have held that at least ten days is normally required." *Duhaly v. Cincinnati Ins. Co.*, No. CV H-18-4158, 2019 WL 3202307, at *1 (S.D. Tex. July 16, 2019) (collecting cases); *accord Nat'l Rifle Ass'n of Am. v. Ackerman McQueen, Inc.*, No. 3:22-cv-1944-G-BT, 2023 WL 9181587, at *2 (N.D. Tex. June 14, 2023) (same). Other courts in this Circuit have explained that, "[w]hile the rules do not expound on what exactly constitutes reasonable notice, case law is both instructive and consistent that less than a week's notice cannot constitute reasonable notice" and have found "that seven-days' notice—let alone four-days' notice—cannot provide reasonable notice." *Matter of Tara Crosby, LLC*, No. CV 17-5391, 2019 WL 5634182, at *3 (E.D. La. Oct. 31, 2019).

All told, even if Plaintiff provided relevant deposition topics (he has not), he obviously failed to provide reasonable notice. *See id.* A protective order should be entered against this Deposition Notice for this reason alone.

**C. The Deposition Does Not Comply with Rule 26(b)(1)'s Proportionality Limits.**

"For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and

that are relevant to the issues in dispute." *Dennis v. United States*, No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *7 (N.D. Tex. Oct. 23, 2017). So, "Rule 30(b)(6) requires that a party seeking to depose an organization 'must describe with reasonable particularity the matters for examination.'" *Id.* (quoting Fed. R. Civ. P. 30(b)(6)). "Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task. If the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Id.*

"The discovering party's deposition notice is also subject to limitations under [Federal Rule of Civil Procedure] 26," including Federal Rule of Civil Procedure 26(b)(1)'s general provision "that a party may obtain discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *MC Trilogy Tex., LLC v. City of Heath, Tex.*, No. 3:22-cv-2154-D, 2024 WL 1641233, at *3 (N.D. Tex. Apr. 16, 2024).

"Under Rule 26(b)(1), [as amended,] discoverable matter must be both relevant and proportional to the needs of the case—which are related but distinct requirements. To be relevant under Rule 26(b)(1), … information need not, by itself, prove or disprove a claim or defense or have strong probative force or value. If it were otherwise, it would make little sense for Rule 26(b)(1) to direct courts to consider whether discovery that is relevant to any party's claim or defense is also important in resolving the issues." *Baker v. Walters*, 652 F. Supp. 3d 768, 778 (N.D. Tex. 2023). But a topic seeking information that is relevant to any party's claim or defense still must also "comply with Rule 26(b)(1)'s proportionality limits." *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 418 (N.D. Tex. 2021).

And Federal Rule of Civil Procedure "26(b)(2)(C) also provides that a court must limit the frequency or extent of discovery otherwise allowed by the Federal Rules of Civil Procedure when (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some

other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *MC Trilogy*, 2024 WL 1641233, at *3.

**1. This Suit Does Not Warrant a Corporate-Representative Deposition of BANA.**

As an initial matter, this suit does not warrant a corporate-representative deposition at all, as the only remaining issues in dispute are legal issues. The only claim pending in this action is under Tex. Bus & Com. Code § 4.401. (*See* Dkt. 20, 2nd Am. Compl. at ¶¶ 11-12.) Plaintiff alleges someone stole a legitimate check he wrote for the payment of taxes and used it to create a counterfeit check, which BANA later paid. (*See* Dkt. 3, 1st Am. Compl. at ¶ 7; Dkt. 20, 2nd Am. Compl. at ¶ 2.)

BANA admits that the check that it paid was counterfeit. Further, there is no dispute that Plaintiff failed to report the counterfeit check to BANA within 60 days of when the statement showing the check was made available. (*See* Dkt. 3, 1st Am. Compl. at ¶¶ 9, 14, stating Plaintiff took "a few months" and "approximately 90 days" to provide notice of the unauthorized transaction to BANA; Dkt. 20, 2nd Am. Compl. at ¶ 8, stating that "[a] few months later, Dr. Puig received a notice from the IRS warning him that his payment had not been received" and that he "reviewed his bank statements and discovered for the first time that the $235,000 check was shown as being made out to 'Jamie Mae Gromes.'")

As a consequence, the only issues remaining before the Court are whether Plaintiff agreed to the 60-day reporting period with BANA through the Deposit Agreement and whether that provision bars Plaintiff's claim by contractually shortening the 1-year reporting period provided by Tex. Bus & Com. Code § 4.406(f) to 60 days. *See Am. Airlines Emps. Fed. Credit Union v.*

*Martin*, 29 S.W.3d 86 (Tex. 2000) (holding that the one-year statutory repose period in Tex. Bus & Com. Code § 4.406(f) could be shortened to 60 days by agreement and would bar the plaintiff's claims for unauthorized transactions); *Coffey v. Bank of Am.*, No. 09-12-00113-CV, 2013 WL 257363, at *7 (Tex. App. Jan. 24, 2013) (affirming summary judgment for BANA because the plaintiff's claims were "statutorily and contractually precluded as a matter of settle law on application of [Tex. Bus & Com. Code § 4.406(f)]'s one-year condition precedent as contractually shortened in the Deposit Agreement's 60-day notice period").

Furthermore, Tex. Bus & Com. Code § 4.406(f) expressly provides that it applies "[w]ithout regard to care or lack of care of either the customer or the bank[.]" And Texas law is clear that "when Section 4.406 applies to a situation, it supplants any inconsistent common law duties." *Compass Bank v. Nacim*, 459 S.W.3d 95, 104 (Tex. App.—El Paso 2015, no pet.) (collecting cases where time limits for reporting have been altered by agreement).

Notably, Plaintiff's deposition topics 4-13 are not relevant to any issues remaining before this Court and not proportional to the needs of the case. These topics purport to require testimony from a bank representative on topics such as various fraud prevention policies and procedures, warnings or alerts generated, fraud detection mechanisms, other checks paid to Jamime Mae Gromes, the employees involved in paying the counterfeit check, and investigations into the counterfeit check. However, these topics are completely irrelevant, excessive, and unnecessary. Plaintiff seems to be trying to prove a negligence claim that is not pending before the Court. Such a claim would be preempted by the UCC anyway, especially where the applicable statute expressly states that it applies without regard to care or lack of care of the bank or the customer. Whether BANA could have or should have discovered the counterfeit nature of the check before it paid the

check is simply not relevant to the Plaintiff's claim under Tex. Bus & Com. Code § 4.401 or BANA's defenses under Tex. Bus & Com. Code § 4.406(f) and the Deposit Agreement.

Given these facts, the parties have access to the same relevant information—in fact, the pleadings demonstrate that Plaintiff is already in possession of such information. It thus makes no sense for BANA to incur the burden and expense of preparing and producing a corporate-representative witness for Plaintiff. *See, e.g.*, *Harper v. City of Dallas, Tex.*, No. 3:14-CV-2647-M, 2017 WL 3674830, at *6 (N.D. Tex. Aug. 25, 2017) (addressing the proportionality factors of Fed. R. Civ. P. 26(b)(1), which are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit").

For these reasons, a protective order protecting BANA against Plaintiff's 30(b)(6) Deposition Notice is appropriate and necessary. Further, given that the only remaining issues in dispute are legal issues, the Court should order that no corporate-representative deposition of BANA should be conducted in this action.

**2. The Bulk of the Deposition Topics Are Overbroad and Lack Relevance.**

Topics 4-13. Moreover, the majority of the 13 topics listed in the Deposition Notice are overbroad, irrelevant, and fail the Rule 26(b)(1) proportionality test. Specifically, topics 4-13 (listed below) suffer from these maladies.

4. Any policies and procedures that you had in place at the time of the payment of the fraudulent check at issue in this lawsuit.

5. Any fraud prevention/detection policies and procedures you had in place at the time of the payment of the fraudulent check at issue in this lawsuit.

6. Any notifications, warnings, and/or alerts that should have been generated (or were actually generated) when the fraudulent check at issue in this lawsuit was presented for payment.

7. Any internal discussions you have had about the cost benefit analysis of shifting the burden onto account holders to check for bank fraud as opposed to you checking for fraud by investing in more resources—human or technological.

8. Any artificial intelligence you had in place that would have detected the fraud associated with the check at issue in this lawsuit.

9. The number of checks you received within the preceding two years with the name "Jamie Mae Gromes" and what steps you took after the check at issue in this lawsuit was present to prevent further payments to Jamie Mae Gromes.

10. The general timing of when payments to the corresponding bank are made by you when presented with a check.

11. The identifies of the bank branch, branch manager, and any bank employee who handled any or all of any part of the transaction involved the check at issue in this lawsuit.

12. The contents and substance of any investigation you conducted into the fraud at issue in this lawsuit.

13. Your knowledge of, or notice of, checks being intercepted in Houston postal facilities for the two years preceding the facts made the basis of this lawsuit.

These topics are overbroad because they include topics outside the scope of the issues at hand (UCC Sections 4-401, 4-406(f), and the Deposit Agreement).[1] Correspondingly, these noticed topics are irrelevant to the claims and defenses in the case and are not proportional to the needs of this case. BANA's policies and procedures relating to fraud and fraud prevention, any internal fraud alert or warning system that BANA has in place, any artificial intelligent ("AI") program that BANA has in place, any other transactions processed by BANA for Jamie Mae Gromes, any

[1] Some of the topics are *so overbroad* that the information would be impossible to find. *See* topic 4, which purports to depose BANA on "any policies and procedures" it had in place at the time the check was paid, regardless of subject matter or applicability; topic 9, which purports to depose BANA on "[t]he number of checks you received within the preceding two years with the name 'Jamie Mae Gromes'"; and topic 13, which purports to depose BANA on its "knowledge of, or notice of, checks being intercepted in Houston postal facilities for the two years preceding the facts made the basis of this lawsuit."

alleged fraud at Houston post offices, and any internal discussions within BANA about Plaintiff or this case have no bearing on whether the check was properly payable and whether Plaintiff failed to timely report the check as unauthorized.

Topics 4-8, 11-12. In addition, topics 4-8 and 11-12 invade confidential and proprietary areas—BANA's policies and procedures and investigative strategies and techniques—and such invasion is not necessary for a fair adjudication of the issues in this case. In fact, making such information publicly available would provide fraudsters with a roadmap for committing more bad financial acts. *See, e.g.*, *Chilly Dil Consulting, Inc. v. Jetpay ISO Servs., LLC*, No. 3:14-CV-2794-P-BK, 2015 WL 13118078, at *1 (N.D. Tex. Aug. 5, 2015) (protective orders protect parties from disclosing information that "would cause identifiable, significant harm").

For the reasons outlined above—because the noticed topics are overbroad and not relevant, and because certain topics seek to obtain testimony on confidential and proprietary matters—the deposition is disproportionate to the needs of the case and the burden and cost of preparing a witness for the deposition and appearing at the deposition outweighs any minimal benefit the deposition may have. *See* Fed. R. Civ. P. 26(b)(1).

## IV. CONCLUSION

Based on the foregoing, Defendant Bank of America, N.A. respectfully requests that the Court enter an order protecting it from the October 17, 2025 deposition of its corporate representative, and further ordering that Plaintiff is precluded from conducting a corporate-representative deposition of BANA under Rule 30(b)(6) in this action.

Dated: October 16, 2025

Respectfully submitted,

/s/ *Matthew D. Durham*
**Matthew D. Durham**, SBN: 24040226
mdurham@mcguirewoods.com
**MCGUIREWOODS LLP**
2601 Olive Street, Suite 2100
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile: 214.932.6499

**ATTORNEY FOR DEFENDANT**
**BANK OF AMERICA, N.A.**

## CERTIFICATE OF CONFERENCE

The undersigned counsel does hereby certify that he conferred with Plaintiff's counsel on the deposition made the basis of this Motion, and the relief requested in this Motion. Plaintiff is opposed to the relief requested herein.

/s/ *Matthew D. Durham*
**Matthew D. Durham**

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2025 a true and correct copy of the foregoing was served via the Court's electronic filing and notification system ("ECF") to all parties of record.

/s/ *Matthew D. Durham*
**Matthew D. Durham**